IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> 2310 ALABAMA AVENUE SAVANNAH, ) <br> GEORGIA 31404; 2312 ALABAMA ) <br> AVENUE SAVANNAH, GEORGIA 31404; ) <br> ) <br> Defendants. ) <br> _____ ) | CASE NO. CV420-082 |

**O R D E R**

Before the Court is the Government's Motion for Default Judgment and Final Order of Forfeiture. (Doc. 16.) In its motion, the Government seeks an entry of judgment against real property located at 2310 Alabama Avenue Savannah, Georgia 31404 and real property located at 2312 Alabama Avenue Savannah, Georgia 31404 (collectively, "Defendant Properties"). (Id. at 1-2.) After careful consideration, the Government's motion (Doc. 16) is **DENIED WITHOUT PREJUDICE.**

**STANDARD OF REVIEW**

After the Clerk's entry of default, a party may request that the Court enter a default judgment against a defendant who has failed to plead or otherwise defend. Fed. R. Civ. P. 55. "Although a defaulted defendant is deemed to have admitted the movant's well-pleaded allegations of fact, she is not charged with having

admitted 'facts that are not well-pleaded or . . . conclusions of law.' " Perez v. Wells Fargo N.A., 774 F.3d 1329, 1339 (11th Cir. 2014) (quoting Cotton v. Mass. Mut. Life Ins. Co., 402 F.3d 1267, 1278 (11th Cir. 2005)). "Thus, before entering a default judgment for damages, the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." Tyco Fire & Sec., LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007).

**ANALYSIS**

On April 21, 2020, the Government filed a Verified Complaint for Forfeiture In Rem against the Defendant Properties. (Doc. 1.) The Complaint alleges that the Defendant Properties are subject to forfeiture pursuant to 21 U.S.C. § 881(1)(3) because they constitute "property which is used or intended for use to distribute, dispense, or acquire; (1) controlled substances in violation of the Controlled Substances Act; and/or (2) equipment used or intended for use in processing, delivering, importing, or exporting controlled substances in violation of the Controlled Substances Act." (Id. at ¶ 2.)

Where the Government brings a civil forfeiture action in rem that arises from a federal statute, it must comply with Supplemental Rule G of the Supplemental Rules for Admiralty and

2

Maritime Claims and Asset Forfeiture Actions. Fed. R. Civ. P., Supp. R. G(1); see also United States v. 5054 Stoney Point Lake, 731 F. Supp. 2d 1345, 1350 (N.D. Ga. 2010). In this case, the Government has failed to demonstrate that it has fully complied with Supplemental Rule G. Although the Government filed a verified complaint, which satisfies the requirements of Supplemental Rule G(2), it appears that the Government failed to comply with 18 U.S.C. § 985's notice requirements. See Fed. R. Civ. P., Supp. R. G(3)(a) ("If the defendant is real property, the government must proceed under 18 U.S.C. § 985.").

Section 985(c)(1) provides, "[t]he Government shall initiate a civil forfeiture action against real property by: (A) filing a complaint for forfeiture; (B) posting a notice of the complaint on the property; and (C) serving notice on the property owner, along with a copy of the complaint." 18 U.S.C. § 985(c)(1). On October 14, 2020, the Government directed the U.S. Marshals Service to post a copy of the complaint and notice on the residences located on Defendant Properties. (Doc. 16, Attach. 1 at 2-3.) The Government, in its motion, claims that it "sent direct notice to all known third parties, more specifically to Joseph Bulloch and Hadeem Shabazz . . . ." (Doc. 16 at 3.) The Government, however, has failed to provide evidence that it served Mr. Bulloch or Mr. Shabazz with notice or with a copy of the complaint. Accordingly, the Court cannot find that the Government has complied with the

3

notice requirements set forth in § 985. As a result, the Government's motion (Doc. 16) is **DENIED WITHOUT PREJUDICE.**

SO ORDERED this 18th day of May 2021.

                          /s/ WTMoore Jr.
                          WILLIAM T. MOORE, JR.
                          UNITED STATES DISTRICT COURT
                          SOUTHERN DISTRICT OF GEORGIA